PROB 12C
(06/17)

November 17, 2022
pacts id: 6460481

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Joe Jenson Beyam (English)     **Dkt. No.:** 20CR00660-001-GPC

**Reg. No.:** 92684-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class C felony.

**Date of Revocation Sentence:** June 6, 2022

**Sentence:** 6 months' custody; 12 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** September 22, 2022

**Asst. U.S. Atty.:** Matthew C. Brehm     **Defense Counsel:** Keith H. Rutman
(Appointed)
619-237-9072

**Prior Violation History:** Yes. Please refer to prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| Name of Offender: Joe Jenson Beyam | November 17, 2022 |
|---|---:|
| Docket No.: 20CR00660-001-GPC | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about October 4, 2022, Mr. Beyam used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Officer on October 4, 2022, which confirmed positive for marijuana metabolite.<br><br>2. On October 6 and 26, 2022; and November 10 and 15, 2022, Mr. Beyam failed to comply with drug testing requirements, as instructed by the probation officer, in that he failed to submit urine samples for drug analysis at Geo Reentry Services, as required. |
| **(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

***Grounds for Revocation:*** As to allegation 1, this officer received and reviewed written laboratory notification from Alere Toxicology Services, which verify the urine specimen provided by Mr. Beyam on October 4, 2022, confirmed positive for marijuana metabolite.

As to allegation 2, this officer received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above-noted dates, Mr. Beyam failed to submit a urine sample, as required. On October 1, 2022, the probation officer reviewed written instructions for drug testing with Mr. Beyam, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Beyam was instructed to call the drug testing line after 8:15 p.m. the day before each possible drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing recording line. Able testing days are Monday through Friday.

PROB12(C)
Name of Offender: Joe Jenson Beyam
Docket No.: 20CR00660-001-GPC

November 17, 2022
Page 3

---

**(Standard Condition)**
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3. On October 7, 2022, Mr. Beyam failed to report to the probation officer as instructed.

4. On October 20, 2022, Mr. Beyam failed to report to the probation officer as instructed.

***Grounds for Revocation:*** As to allegation 3, on October 7, 2022, this officer called Mr. Beyam and instructed him to report to the probation office. Mr. Beyam stated he would report as instructed. However, Mr. Beyam did not report, nor did he contact the probation officer to reschedule his appointment.

As to allegation 4, on October 20, 2022, this officer once again contacted Mr. Beyam via telephone and instructed him to report to the probation office. Mr. Beyam stated he would report in a couple of hours. Unfortunately, Mr. Beyam once again failed to report as instructed and he did not contact the probation officer to reschedule his appointment.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

As in his previous two terms of supervision, it is once again evident Mr. Beyam is not willing to abide by the conditions set forth by the Court and is not interested in changing his life. The probation officer believes that aside from his drug addiction, Mr. Beyam is also attracted to the gang style and is unwilling to make the necessary changes in his life needed to address his noncompliant behavior. Once again, his adjustment to supervision can only be categorized as poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Beyam is a 21-year-old Hispanic male. He has never been married and has no children. Mr. Beyam last reported residing with his parents and siblings in Brawley, California. At this time, Mr. Beyam is unemployed, and he has a very limited work history consisting of agricultural labor.

Although the instant offense is the only conviction Mr. Beyam has ever sustained, he has prior arrests for shoplifting, possession of stolen vehicle, public intoxication and possession of ammunition.

Regarding substance abuse, Mr. Beyam has a history of alcohol, marijuana, methamphetamine and fentanyl use. It is noted that during his prior term of supervised release, Mr. Beyam overdosed twice due to his use of fentanyl.

PROB12(C)
Name of Offender: Joe Jenson Beyam                                       November 17, 2022
Docket No.: 20CR00660-001-GPC                                             Page 4

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to comply with drug testing requirements, and failure to report for supervision as instructed) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>26 months</u> supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 10 months' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Beyam has once again opted to not follow the Court orders nor the directives of the probation officer. At this time, the gravity of his drug addiction is unknown as he has failed to report for drug testing as instructed. However, the Court may recall Mr. Beyam was using fentanyl during his previous term of supervision. Therefore, in order to protect the community and ensure his presence before the court, the probation officer believes the issuance of a warrant is necessary at this time.

PROB12(C)
Name of Offender: Joe Jenson Beyam
Docket No.: 20CR00660-001-GPC

November 17, 2022
Page 5

### RECOMMENDATION/JUSTIFICATION

Mr. Beyam is now before the Court in what will be his third revocation of his supervised release term. His performance in all three terms has been dismal. As previously indicated, it is evident Mr. Beyam has no desire to change and is contempt with his current life choices.

Therefore, with the aforementioned in mind, it is respectfully recommended Mr. Beyam's term of supervised release be revoked, and he be sentenced to 9 months' custody with no more supervised release to follow. The probation officer believes reinstating a supervised release term will only set Mr. Beyam to fail as he is not willing to work on his rehabilitation nor does he wish to change his lifestyle at this time.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: November 17, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

Reviewed and approved:

_____
Larry Huerta
Supervisory U.S. Probation Officer

PROB12CW                                                                                    November 17, 2022

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Beyam, Joe Jenson

2. **Docket No. (Year-Sequence-Defendant No.):** 20CR00660-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to comply with drug testing requirements. | C |
| Failure to report for supervision as instructed. | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))   [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____       Community Confinement _____
    Fine($)         _____       Home Detention         _____
    Other           _____       Intermittent Confinement _____

PROB12(C)
Name of Offender: Joe Jenson Beyam
Docket No.: 20CR00660-001-GPC

November 17, 2022
Page 7

**THE COURT ORDERS:**

☑ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

☐ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

☐ Other _____

_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

11/21/22
Date